FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON R.,<br><br>                  Plaintiff,<br><br>        v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,[1]<br><br>                  Defendant. | No. 1:20-cv-03220-SMJ<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 17, 18. Attorney D. James Tree represents Aaron R. (Plaintiff); Special Assistant United States Attorney Frederick Fripps represents the Commissioner of Social Security (Defendant). After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

Judgment, denies Defendant's Motion for Summary Judgment, and remands this matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 11, 2017, alleging disability since July 1, 2014, due to colitis, fracture of the lower spine affecting the legs, depression, and anemia. Tr. 100. The application was denied initially and upon reconsideration. Tr. 133-36, 142-44. An Administrative Law Judge (ALJ) held a hearing on January 9, 2020, Tr. 30-98, and issued an unfavorable decision on January 23, 2020. Tr. 15-24. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on October 2, 2020. Tr. 1-5. The ALJ's January 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 30, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1973 and was 44 years old as of his protected filing date. Tr. 23. He has a tenth-grade education and has not obtained a GED. Tr. 77, 736-37. His work history has consisted primarily of working at his family's golf course and some temporary jobs as a kitchen helper and merchandise deliverer. Tr. 86, 419,

736-37. He testified he is primarily limited by his colitis and his inability to be away from a restroom for long without losing control of his bowels. Tr. 80, 85.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 23, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-24.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity since December 2019, but that there was a continuous period of more than 12 months during which he did not engage in substantial gainful activity. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar degenerative disc disease, irritable bowel syndrome/ ulcerative colitis, bilateral shoulder disorder, anxiety disorder, depressive disorder, attention deficit disorder, and substance addiction disorder in remission. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, with the following limitations:

> he could occasionally reach overhead, frequently reach at or below shoulder level, and occasionally perform all postural movements (stoop, crouch, crawl, kneel, and climb stairs/ramps) except for no climbing of ladders, ropes, or scaffolds; he needed direct access to a bathroom in the workplace; he needed to avoid vibrations in the workplace; he could engage in unskilled, repetitive, routine tasks in 2-hour increments; he would be absent from work 6 times per year; he would be 10% less productive than the average worker in the workplace; and his pace of work needed to be substantially at the direction of the employee while maintaining minimally acceptable production levels.

Tr. 19.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a kitchen helper and merchandise deliverer. Tr. 23.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of storage rental clerk, marker, deli cutter, and housekeeper. Tr. 23-24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 24.

### ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting Plaintiff's symptom testimony; and (2) improperly rejecting the medical opinion evidence.

//

//

//

# DISCUSSION

## 1.    Plaintiff's Subjective Statements

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 17 at 8-11.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. The ALJ found Plaintiff's complaints were unsupported by the opinion evidence and were undermined by evidence that he had had minimal and conservative treatment for his back and shoulders, that his IBS was controllable with medication and treatment, that his conditions were exacerbated by substance abuse and situational stressors, and that his activities undermined his allegations. Tr. 20-22.

Plaintiff argues the ALJ's rationale is incorrect, as the record documents ongoing problems with IBS, even with sobriety and a more stable living environment, and that the activities and abilities the ALJ noted were not inconsistent with Plaintiff's testimony and allegations of the need for frequent and long bathroom breaks. ECF No. 17 at 8-11. Defendant argues the ALJ reasonably found Plaintiff's symptoms improved with treatment and sobriety and that his activities showed greater abilities than alleged. ECF No. 18 at 3-6.

The Court finds the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's reports. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict their other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify any activities that were inconsistent with Plaintiff's reports. He noted Plaintiff's ability to work his then-current delivery job as long as he had access to a bathroom, and

that he was able to maintain social interactions, and obtain custody of his son, after achieving sobriety. Tr. 22. However, Plaintiff has maintained that his primary barrier to working is his need for frequent and extended restroom breaks. None of the identified activities are inconsistent with Plaintiff's testimony regarding the amount of time he spends in the restroom or the frequency of needed restroom breaks. The Ninth Circuit has repeatedly found that the ability to perform minimal daily activities is not inconsistent with the inability to work:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Plaintiff testified at length about the accommodated nature of his current job, where he is able to use the restroom at the churches he makes deliveries to, and that he carries a spare change of clothing with him in case he soils himself. Tr. 48-49, 64, 67. The record reflects Plaintiff has made ongoing adjustments to his lifestyle, closely associated with when and where he can use the restroom, at times rarely venturing far from home due to the need for proximity to the restroom. Tr. 67, 84, 419-20, 1074, 1091.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Because the ALJ did not identify any activities that are inconsistent with Plaintiff's allegations, this is not a clear and convincing basis for discounting his subjective reports.

The ALJ found Plaintiff's IBS was controllable with medication and treatment follow throughs, to the extent that he could work. Tr. 22. In support, the ALJ noted a record from July 2016 (citing Tr. 394) which was prior to Plaintiff's significant flares of IBS in the following years. *See e.g.,* Tr. 580, 595-604, 1071, 1091, 1296-1305, 1311-14. The ALJ also cited a record from just before the hearing (Tr. 1119), at which point Plaintiff had started a different treatment that was finally bringing him some relief. Tr. 1288. While ALJs must rely on examples to demonstrate their findings, "the data points they choose must in fact constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The record as a whole does not support a finding of any significant improvement or control of Plaintiff's IBS until the summer of 2019 when Plaintiff began receiving IV infusions. Tr. 736, 740, 1049, 1288. This improvement came approximately five years after Plaintiff's alleged disability onset date. Further, Plaintiff testified at the hearing that the new treatment had provided him the best relief he had had in years, but that he continued to have symptoms that limited his abilities. Tr. 63, 81-82. The Court finds the ALJ's conclusion that Plaintiff's IBS was controllable with treatment is not supported by

substantial evidence, at least not prior to beginning the infusion treatment. On remand, the ALJ must specifically account for the period of time between Plaintiff's alleged onset date and the date he began IV treatments.

The ALJ further found Plaintiff's IBS and mental health were exacerbated by his substance abuse and situational stressors. The Court finds this was not a relevant basis upon which to disregard Plaintiff's allegations. If the ALJ felt Plaintiff's more severe symptoms were caused by his substance use, then the ALJ should have engaged in a Drug Abuse and Alcoholism materiality analysis under Social Security Ruling (SSR) 13-2p, to assess whether Plaintiff's conditions (including drug abuse) were disabling in their entirety, and then evaluated what symptoms and limitations would remain in the absence of substance use. SSR 13-2p. With respect to situational stressors, while the ALJ identified some evidence of Plaintiff's conditions worsening in the face of such stressors, the record does not indicate that Plaintiff's conditions entirely resolved when stress was reduced. The correlation between increased stress and increased symptoms does not prove causation.

On remand, the ALJ shall reconsider Plaintiff's subjective testimony.

## 2.    Medical Opinions

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence from Dr. Walsh and Dr. Bowes. ECF No. 17 at 11-17.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has also held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### a.    *Dr. Kevin Walsh*

Plaintiff's treating physician, Dr. Kevin Walsh, completed a DSHS WorkFirst form in October 2017. Tr. 720-22. He noted Plaintiff's symptoms included abdominal pain and severe diarrhea several times per day, a 24-pound weight-loss in six weeks, and weakness and dizziness. Tr. 720. Dr. Walsh assessed severe limitations in all physical activities from Plaintiff's ulcerative colitis, inflammatory bowel, and anal fistula, noting he was unable to meet the demands of sedentary work and estimating that Plaintiff would be so limited for three to four months with available medical treatment. Tr. 721-22.

The ALJ stated: "this opinion is not material in this case because the duration was limited to 3-4 months." Tr. 20.

Plaintiff argues that the ALJ erred in rejecting this opinion as immaterial because the record shows Plaintiff's condition did not actually improve within three to four months. ECF No. 17 at 12-13. Defendant argues the ALJ reasonably considered that Dr. Walsh's opinion was of little probative value and lacked support beyond the window of time he noted, given evidence of Plaintiff's conditions being well managed with medication and sobriety. ECF No. 18 at 10-12.

The Court finds the ALJ's analysis is insufficient. The ALJ failed to discuss supportability and consistency, as required by the revised regulations. 20 C.F.R. § 416.920a(b). This alone is a sufficient basis for remand. But to be sure, Defendant's discussion of the supportability and consistency factors is *post hoc* rationalization that this Court will not consider. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."). While the ALJ noted the limited duration on the opinion, that was a prediction on Dr. Walsh's part, the ALJ engaged in no discussion of whether Plaintiff's condition actually improved to the point of inconsistency with the opinion within the three to four month timeframe, or whether any improvement was sustained.

On remand the ALJ will reconsider the persuasiveness of Dr. Walsh's opinion, specifically addressing the factors of supportability and consistency.

### b.    *Dr. Tasmyn Bowes*

Plaintiff attended a consultative psychological exam with Dr. Tasmyn Bowes in October 2017. Tr. 418-23. Dr. Bowes diagnosed Plaintiff with generalized anxiety disorder, panic disorder, unspecified somatic disorder, meth use disorder in early remission, and rule out major depressive disorder. Tr. 421. She opined Plaintiff would have no more than moderate limitations in any work-related functions, other than having a marked impairment in his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Tr. 421-22. She noted Plaintiff's current impairments were not primarily the result of substance use within the past 60 days and that Plaintiff needed a chemical dependency evaluation and dual diagnosis treatment, stable housing, a financial payee, and regular physical and mental health treatment. Tr. 422.

The ALJ found this opinion generally persuasive, but noted that Dr. Bowes did not provide a specific explanation for the sole marked rating. Tr. 21. The ALJ further found it was not clear that the marked rating related specifically to Plaintiff's mental impairments, noting his difficulty with sobriety, his lack of stable housing, and various other situational stressors, which appeared to be factors in his inability to work regularly. *Id.*

Plaintiff argues that the ALJ erred in finding one part of the opinion unpersuasive due to lack of explanation, while simultaneously finding other portions of the opinion persuasive, despite no additional explanation for the rest of the opinion. ECF No. 17 at 14. He further asserts the ALJ's assumption that the marked limitation did not stem from Plaintiff's mental impairment was speculative, unsupported, and inconsistent with the objective findings and Dr. Bowes' specific statement that the limitations were not the result of substance use. *Id.* at 14-17. Defendant argues the ALJ reasonably discussed the lack of explanation provided by Dr. Bowes and the opinion's consistency with the other evidence in the file. ECF No. 18 at 12-13.

As this claim is being remanded for further consideration of Plaintiff's subjective reports and other medical evidence, the ALJ shall also reconsider Dr. Bowes' opinion.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects.

*Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary.

In sum, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and takng into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    **Plaintiff**'s Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

2.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3.    The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.    An application for attorney fees may be filed by separate motion within **thirty (30) days** of this Order.

5.    The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

//

//

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 17

//

      **IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

      **DATED** this 9th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge